**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RICHARD LEWIS and CHRISTINA LEWIS,** *Plaintiffs,* <br><br> **v.** <br><br> **BOROUGH OF CONSHOHOCKEN,** *et al.* *Defendants.* | **CIVIL ACTION NO.  25-5257** |

<u>**MEMORANDUM RE: MOTION TO QUASH**</u>

**Baylson, J.**                                                                                    **March 31, 2026**

### 1. Factual Background

The case began with an ongoing neighbor dispute involving Plaintiffs, Richard and Christina Lewis ("Plaintiffs"), and their respective neighbors over the parking in the alley behind their home. In response to several calls and complaints from Plaintiffs and their neighbors, Conshohocken Police Department ("CPD") officers issued citations to vehicles that were parked in the alleyway, including Plaintiffs' vehicles, in violation of Conshohocken Borough Ordinance § 15-1101. Plaintiffs filed a formal racial discrimination complaint with Defendant, Borough of Conshohocken and other related entities ("Defendant"), after receiving and defeating some of these citations.

In response to the racial discrimination complaint and prior to Plaintiffs initiating this proceeding, Defendant retained Tiffany Allen, Esq. ("Attorney Allen") to investigate Plaintiffs' concerns in September 2024. As part of Attorney Allen's investigation, she conducted interviews of several individuals, including Plaintiffs and CPD officers. Attorney Allen concluded her investigation in February 2025 when she formalized her findings and made recommendations to Defendant based on her investigation. On September 15, 2025, Plaintiffs filed a Complaint (ECF #1), alleging that Defendant engaged in discriminatory policies and selective enforcement

1

targeting Plaintiffs in violation of the Equal Protection Clause of the Fourteenth Amendment, 32 U.S.C. §§ 1983 and 1985, and Pennsylvania law.

On January 21, 2026, Plaintiffs served a Subpoena Duces Tecum on Attorney Allen ("Plaintiffs' Subpoena") (ECF #24-2), requesting for her to produce various materials:

1. Produce all investigative reports, notes, memoranda, or other documents prepared by you or your office in connection with your investigation into allegations of harassment by the CPD/Defendant against Plaintiffs.
2. Produce any correspondence, including emails, letters, or other communications, between you and the CPD/Defendant or its representatives regarding the investigation into the harassment allegations.
3. Produce any witness statements, interview transcripts, or summaries obtained or prepared during the course of your investigation.
4. Produce any policies, guidelines, or instructions provided to you by the CPD/Defendant regarding the scope or conduct of your investigation.
5. Produce any drafts or final versions of reports or findings submitted to the Defendant or any other entity regarding the investigation.
6. Produce any billing records, invoices, or other documents reflecting the scope of your engagement by Defendant for the investigation.

## 2. Parties' Arguments

### a. Defendant's Motion to Quash and/or Enter Protective Order from Plaintiffs' Subpoena to Attorney Tiffany Allen

On February 13, 2026, Defendant filed a Motion to Quash and/or Enter Protective Order from Plaintiffs' Subpoena to Attorney Allen ("Defendant's Motion") (ECF #24). Defendant requests that this Court grant its Motion to Quash and/or enter a Protective Order from Plaintiffs' Subpoena.

In Defendant's Motion, Defendant contends that Plaintiffs' Subpoena is improper because it seeks the production of documents that are protected by attorney-client privilege ("A/C privilege") and attorney work-product doctrine under Fed. R. Civ. P. 26. Particularly, Defendant asserts the purpose of the A/C relationship between Attorney Allen and Defendant was to investigate the complaints made by the Plaintiffs and provide legal advice to Defendant pursuant to her findings. Plaintiffs' Subpoena seeks Attorney Allens's reports, notes, memorandums, correspondence,

written statements/summaries, and any drafts of reports with her findings. Defendant contends that all of these documents fall within the protection of A/C privilege.

Further, Defendant asserts that although the protection of A/C privilege is not absolute, disclosures such as these require a heightened showing of extraordinary circumstances to be produced. Defendant asserts that Plaintiffs will not be able to show extraordinary circumstances since Plaintiffs are aware of the facts and circumstances surrounding the investigation as they are the individuals who initiated the Complaint. Further, any additional information obtained by Attorney Allen during the investigation and in her report can be obtained by Plaintiffs if they depose the officers themselves.

Lastly, Defendant asserts that the remaining documents sought in Plaintiffs' Subpoena, if not also protected by privilege, are irrelevant to the claims and are not likely to lead to the discovery of admissible evidence, such as the requests for billing records, invoices, and other documents reflecting the scope of Attorney Allen's engagement with Defendant.

### b. Plaintiffs' Brief in Opposition to Defendant's Motion

On February 24, 2026, Plaintiffs filed a Brief in Opposition to Defendant's Motion (ECF #28). Plaintiffs request that this Court deny Defendant's Motion and instead order a Modification of the Subpoena to protect discoverable but privileged documents and other things according to Fed. R. Civ. P. 26(b)(5)(A). Plaintiffs assert that the Subpoena seeks discoverable and non-privileged material from Attorney Allen's investigation such as Plaintiffs' discrimination complaint, factual witness statements, policies, and billing/fee records. Plaintiffs contend that A/C privilege does not extend to the underlying facts or documents that exist independently of the A/C relationship.

Plaintiffs contend that this similarly applies to work product materials, and even if it is determined that discoverable materials are work product, the facts underlying of the work may be

3

discoverable upon showing "substantial need" and an inability to obtain equivalent materials without undue hardship. They contend that they are able to demonstrate substantial need for contemporaneous witness statements and investigation materials because the investigation materials, such as the officer depositions, are unique and cannot be replicated due to the chance of inconsistencies, bias, or memory lapse issues.

Moreover, Plaintiffs specifically address their request for billing records and cite that attorney billing records are subject to privilege only to the extent that they reveal litigation strategy and/or the nature of services performed. Attorney Allen's engagement records with Defendant are relevant to understanding the investigation's parameters and potential bias, as well as Defendant's knowledge of discrimination, complaints, and the adequacy of their response.

Lastly, Plaintiffs assert that Attorney Allen's non-party status does not create absolute immunity from responding to the Subpoena. To avoid a complete quashing of the Subpoena, while striking the balance between necessity versus burden, Plaintiff ask the Court to enter an order to Modify the Subpoena.

### 3. Analysis

The Court first notes that the Parties' briefs are not succinct or clear about the attorney-client privilege or the qualified work-product principles. Communications between an attorney and a client are privileged and not discoverable.[1] See Rhone-Poulenc Rorer v. Home Indem. Co., 32 F.3d 851, 862 (3d Cir. 1994). However, facts are completely discoverable, whether known by an attorney or anyone else who is an officer or an employee of the Defendant. See id. ("While documents may be protected from disclosure in discovery because they contain confidential communications that are privileged, that protection may be inapplicable to facts incorporated in

---

[1] Few limited exceptions to this general principle exist, such as the crime-fraud exception, waiver of privilege, and in matters involving lawyer-client relationship disputes.

the communication."); see also Upjohn v. United States, 449 U.S. 383 (1981) ("The privilege only protects disclosure of communications; it does not protect the disclosure of the underlying facts by those who communicated with the attorney"); Philadelphia v. Westinghouse Electric Corp., 205 F. Supp. 803, 831 (E.D Pa. 1962) (Kirkpatrick, J.) (The protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney). The fact that Defendant hired Attorney Allen to investigate the complaints made by the Plaintiffs and provide legal advice to Defendant pursuant to her findings does not alter the clear legal principle that the facts Attorney Allen acquired or utilized during her investigations are discoverable by Plaintiffs.

The attorney work-product doctrine ("the work-product doctrine") is governed by a uniform standard set forth in Fed. R. Civ. P. 23(b)(3). The work-product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." See In re Cendant Corp. Sec. Litig., 343 F.3d 658, 660-64 (3d Cir. 2003) (quoting United States v. Nobles, 422 U.S. 225, 238 (1975)).  The work-product doctrine applies to "documents and tangible things … prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative." See Fed. R. Civ. P. 23(b)(3); see also Hickman v. Taylor, 329 U.S. 495, 510-11 (1947).

As with attorney-client privilege, there is no protection under the work-product doctrine "for the discovery of facts a party may have learned from documents that are not themselves discoverable." See In re Cendant Corp. Sec. Litig., 343 F.3d at 662 (citing Federal Practice and

Procedure § 2024 at 337). However, unlike attorney-client privilege, the work-product doctrine is not an absolute bar to discovery of materials prepared in anticipation of litigation because "[w]ork product can be produced upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3).

Accordingly, the Court will require Plaintiff to modify the subpoena as in accordance with the above principles and will then require Counsel for the Parties or the Parties themselves to meet and confer about the revised subpoena, recognizing the above principles.

### 4. Conclusion

The Court has previously entered an Order granting Defendant's Motion to Quash in part and denying in part (ECF #29).